UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 14 2017 ★

BROOKLYN OFFICE

UNITED STATES OF AMERICA

– against –

Gavin Thompson,

Defendant.

16-CR-502

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

**Appearances**

**For United States:**

Keith D. Edelman
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
718-254-6328
keith.edelman@usdoj.gov

**For Defendant:**

Martin G. Goldberg
672 Dogwood Ave #183
Franklin Square, NY 11010
516-292-0380
MGoldbergEsq@Juno.com

# Table of Contents

I.     Introduction ................................................................................................ 1

    A.   Offense ............................................................................................... 1

    B.   Guilty Plea ........................................................................................ 2

    C.   Sentencing Hearing ........................................................................ 2

II.    Offense Level, Category, and Sentencing Guidelines Range ............ 2

III.   Law .............................................................................................................. 3

IV.   18 U.S.C. § 3553(a) Considerations .................................................... 4

V.    Sentence ................................................................................................... 5

VI.   Conclusion ............................................................................................... 6

## I.     Introduction

Gavin Thompson is a 34-year old Jamaican citizen. Presentence Investigation Report, Mar. 21, 2017 ("PSR") at 2. On November 16, 2016, he pled guilty to one count of possession of a firearm, having previously been convicted of a felony. *See* 18 U.S.C. § 922(g)(1); 18 U.S.C. § 924(a)(2); Guilty Plea Transcript, Nov. 16, 2016, ECF No. 21 ("Pleading Tr."). On June 7, 2017, Mr. Thompson was sentenced to 18 months of incarceration, supervised release for three years, and a $100 special assessment. *See* Sentencing Hr'g Tr., May 23, 2017 ("May 23 Sent. Hr'g"); Sentencing Hr'g Tr., June 7, 2017 ("June 7 Sent. Hr'g").

### A.     Offense

In 2010, defendant was sentenced to three years of probation in Arizona state court for conspiracy to commit the sale or transport of marijuana. PSR at ¶ 3. Pursuant to an active bench warrant in Arizona for violation of probation, an arrest warrant was executed for defendant in Queens in August 2016. *Id.* at ¶ 4. Defendant consented to the search of his residence, which revealed a loaded .9 millimeter Ruger semiautomatic pistol in a dresser and a loaded .38 caliber Smith & Wesson revolver with a defaced serial number between the mattress and box spring of the bed. *Id.* at ¶¶ 4-5. Defendant had obtained the .9 millimeter Ruger semiautomatic pistol in the

dresser for protection: he had been receiving death threats from his girlfriend's ex-boyfriend. *Id.* at ¶¶ 5, 7.

### B.    Guilty Plea

Defendant pled guilty to a one-count indictment of possession of a firearm, having previously been convicted of a felony, an offense that carries a maximum term of imprisonment of 10 years. 18 U.S.C. § 924(a)(2). The statutory provisions and Sentencing Guidelines ("Guidelines") suggest a term of supervised release of not more than three years. 21 U.S.C. § 3583(b)(2); U.S.S.G. § 5D1.2(a)(2).

### C.    Sentencing Hearing

The sentencing proceedings were videotaped to record courtroom atmosphere, as well as some of the subtle factors and considerations that a district court must consider in imposing a sentence. *See* 18 U.S.C. § 3553(a); *In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

## II.    Offense Level, Category, and Sentencing Guidelines Range

Defendant's base offense level is 20. *See* PSR at ¶ 10. The offense level was reduced by three points pursuant to U.S.S.G. § 3E.1.1(a)-(b) for defendant's acceptance of responsibility. *Id.* at ¶¶ 10-18. The total adjusted offense level is 17. *See* May 23 Sent. Hr'g. The government conceded that a four-point enhancement pursuant to U.S.S.G. section 2K2.1(b)(4)(B) (firearm had an altered or obliterated serial number) will not apply, since defendant's plea did not include the revolver with a defaced serial number. *See id.* Defendant has a criminal history category of II. PSR at ¶ 28. The Guidelines sentencing range is 27-33 months. *See* U.S.S.G. Ch. 5 Pt. A; May 23 Sent. Hr'g.

## III.    Law

Pursuant to the Supreme Court's decision in *United States v. Booker*, the Guidelines are advisory; a sentencing court may depart from them in the interest of justice as well as in light of other statutory concerns as expressed in section 3553(a). *United States v. Booker*, 543 U.S. 220, 245-46 (2005); *see also United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) ("It is now, however, emphatically clear that the Guidelines are guidelines – that is, they are truly advisory. A district court may not presume that a Guidelines sentence is reasonable; it must instead conduct its own independent review of the sentencing factors, aided by the arguments of the prosecution and defense." (footnote omitted)).

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in section 3553(a)(4) of title 18, the court shall indicate the specific reasons for imposing a different sentence. *See* 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the Guidelines are now advisory rather than mandatory, *Booker*, 543 U.S. at 245-46, the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The court's written statement of reasons must be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006), *abrogated in part on other grounds by Kimbrough v. United States*, 552 U.S. 85 (2007). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" *Cavera*, 550 F.3d at 193 (alteration in original) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).

In view of the excessive incarceration rates in the recent past and their unnecessary, deleterious effects on the individuals sentenced, society, and our economy, parsimony in incarceration is encouraged. *See, e.g.*, 18 U.S.C. § 3553(a) ("The court shall impose a sentence sufficient, but not greater than necessary."); National Research Council of the National Academies, *The Growth of Incarceration in the United States, Exploring Causes and Consequences* 8 (2014) ("*Parsimony*: the period of confinement should be sufficient but not greater than necessary to achieve the goals of sentencing policy.").

## IV.    18 U.S.C. § 3553(a) Considerations

Defendant Thompson was born in Saint Catherine, Jamaica. PSR at ¶ 39. He moved to the United States with his family in 1992. *Id.* at ¶ 40. He is one of three children, raised under adequate financial circumstances. *Id.* at ¶¶ 39-40. His parents reside in White Plains, New York, where he has always lived intermittently. *Id.* His father is an HVAC technician; his mother is no longer working due to disability, which she sustained following an accident. *Id.* at ¶ 39. His mother is dependent on Mr. Thompson since her accident. *Id.* His family members are aware of his conviction and remain supportive. *Id.* at ¶¶ 39, 41.

Mr. Thompson has one child, age 12, from a previous relationship. *Id.* at ¶ 45. He maintained in good contact with his daughter and her mother, and has provided them with financial support. *Id.* at ¶¶ 46-47. Mr. Thompson married in 2012, and has a two-year old daughter with his wife. *Id.* at ¶ 48. His wife and their daughter reside in California with his wife's 14-year old son from a previous relationship. *Id.* Mr. Thompson provides financial support. *Id.* Their daughter requires a speech therapist and developmental specialist. *Id.* at ¶ 49. Since Mr. Thompson's arrest, his wife has struggled with the cost of raising the children on her own. *Id.* Since 2016, defendant has been in a new sexual relationship. *Id.* at ¶ 50. His girlfriend plans to live with Mr. Thompson upon his release. *Id.*

Defendant has no history of mental or emotional health problems or substance abuse. *Id.* at ¶¶ 58-60. In 2012, he was shot in the mouth and left shoulder, leaving his face permanently altered. *Id.* at ¶ 55; May 23 Sent. Hr'g. The shot was apparently fired by a person associated with the ex-boyfriend of Mr. Thompson's present girlfriend. Def.'s Sentencing Mem., Mar. 28, 2017, ECF No. 24 ("Def.'s Sent. Mem."). The ex-boyfriend also sent Mr. Thompson threatening text messages, indicating that Mr. Thompson could die in his girlfriend's home. Mr. Thompson, he claims, obtained the gun to protect himself and his girlfriend. *Id.*; May 23 Hr'g Tr.

Mr. Thompson attended high school until the 11th grade. *Id.* at ¶ 62. In 2003, he completed a nine-month program and obtained a barber's license. *Id.* at ¶ 61. He was unemployed from 2008 to 2015. *Id.* at ¶ 64. From 2015 until the instant arrest, he was employed as a barber in New York. *Id.* at ¶ 65.

Mr. Thompson is a citizen of Jamaica; he is presently subject to an immigration detainer. Def.'s Suppl. Sentencing Mem., June 6, 2017, ECF No. 30. Defendant is subject to mandatory detention, to be served after defendant has completed his federal sentence. *Id.* He believes that he has become a United States citizen through his father, and plans to challenge removal proceedings. Def.'s Sent Mem.; May 23 Hr'g Tr.; June 7 Hr'g Tr.

## V. Sentence

Under section 3553(a)(2)(B) of title 18, a sentencing court must consider two major factors: general and specific deterrence. In light of the nature of the offense and the characteristics of defendant, Mr. Thompson is sentenced to 18 months of incarceration. *See* June 7 Sent. Hr'g. A $100 special assessment was imposed. 18 U.S.C. § 3013. No fine was imposed in light of defendant's inability to pay one. *See* June 7 Sent. Hr'g; PSR at ¶ 72. Three years of supervised release was ordered. *See* June 7 Sent. Hr'g. A forfeiture of the .9 millimeter Ruger semiautomatic

5

pistol and the .38 caliber Smith & Wesson revolver was ordered. *See* May 23 Sent. Hr'g; PSR at ¶ 79.

General and specific deterrence are achieved by the sentence imposed. The defendant pled guilty to a serious offense. He has expressed genuine remorse for his conduct. PSR at ¶¶ 17-18; May 23 Sent. Hr'g; June 7 Sent. Hr'g.

## VI.    Conclusion

All relevant elements of the Guidelines and statutes have been considered. Respectful consideration was given to the Sentencing Commission's policy statements, studies, and all other factors listed under section 3553(a) of title 18, to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

SO ORDERED,

Jack B. Weinstein
Senior United States District Judge

Dated: June 12, 2017
Brooklyn, New York